# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**STATE OF LOUISIANA,** *EX REL.*             **CIVIL ACTION**
**KENNETH JAMES GUILBEAU**

**VERSUS**

                                                         **NO. 17-1283-SDD-RLB**

**BEPCO, L.P.,** *ET AL.*

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in Baton Rouge, Louisiana, on March 23, 2018.

                                                         **RICHARD L. BOURGEOIS, JR.**
                                                         **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STATE OF LOUISIANA,** *EX REL.* **KENNETH JAMES GUILBEAU**  **CIVIL ACTION**

**VERSUS**

**NO. 17-1283-SDD-RLB**

**BEPCO, L.P.,** *ET AL.*

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant Hess Corporation's ("Hess") Motion to Transfer Venue. (R. Doc. 12). The Motion is opposed. (R. Doc. 22). Plaintiff has filed a Reply. (R. Doc. 30).

**I.   Background**

The instant litigation concerns alleged contamination on real property in Avoyelles Parish that was subject to two previous lawsuits brought by Kenneth James Guilbeau ("Guilbeau" or "Plaintiff") that were removed to the U.S. District Court for the Western District of Louisiana and subsequently dismissed.

Guilbeau (with co-plaintiffs Justin Dale Tureau and Ritchie Grocer Company) filed his first suit in the 12th Judicial District, Avoyelles Parish, Louisiana, which was removed to the Western District of Louisiana on October 31, 2013. *See Kenneth James Guilbeau v. 2H, Inc., et al.*, Civil Action No. 14-2867 (W.D. La.) ("*Guilbeau I*"). On August 23, 2015, the court dismissed the action by way of summary judgment, concluding Guilbeau did not have a right of action for pre-acquisition damage to his property pursuant to the subsequent purchaser doctrine. *See Guilbeau v. 2 H, Inc.*, No. 14-2867, 2016 WL 4507634, at *2 (W.D. La. Aug. 23, 2016). The Fifth Circuit affirmed the decision on April 18, 2017, and denied rehearing on May 24,

1

2017. *See Guilbeau v. Hess Corp.*, 854 F.3d 310 (5th Cir. 2017), *rehearing denied*, No. 16-30971 (5th Cir. May 24, 2017).

On May 9, 2017, while his petition for rehearing was pending before the Fifth Circuit in *Guilbeau I*, Guilbeau, purportedly on behalf of the State of Louisiana, filed a second suit in the 12th Judicial District Court, Avoyelles Parish, Louisiana. *See State of Louisiana ex rel. Kenneth James Guilbeau v. BEPCO, L.P., et al.*, Civil Action No. 17-779, (W.D. La.) ("*Guilbeau II*"), ECF No. 1-2. The action was removed to the Western District of Louisiana on June 16, 2017. *Id*. ECF No. 1. On June 21, 2017, the court issued a *sua sponte* order requiring briefing on the issue of diversity jurisdiction under 28 U.S.C. § 1332. *Id.*, ECF No. 6. The same day, in a separate action brought by Justin Dale Tureau, purportedly on behalf of the State of Louisiana, the court issued a finding that it had diversity jurisdiction over the action notwithstanding Tureau's assertion that he was proceeding on behalf of the State of Louisiana. *See Louisiana ex rel. Tureau v. BEPCO, L.P.*, No. 17-780, 2017 WL 2676792 (W.D. La. June 21, 2017). Guilbeau immediately filed a Notice of Dismissal Under Rule 41(a)(1) of the Federal Rules of Civil Procedure. *Guilbeau II*, ECF No. 7. On June 23, 2017, the district judge dismissed *Guilbeau II* without prejudice. *Id.*, ECF No. 8.

On September 15, 2017, Guilbeau, purportedly on behalf of the State of Louisiana, initiated the instant action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants BEPCO, L.P., BOPCO, L.P., Chisolm Trail Ventures, L.P., and Hess Corporation (collectively, "Defendants"). (R. Doc. 1-2 at 6-12). Guilbeau brought the action against Defendants pursuant to La. R.S. 30:14 and 30:16 for violations of Statewide Order 29-B, along with other regulations and orders. Guilbeau seeks an injunction ordering remediation of alleged contamination of his property in Avoyelles Paris as a result of oil and gas

operations, an order restraining Defendants from further violations, and costs pursuant to La. R.S. 30:29.

On October 23, 2017, Hess removed the instant action on the basis of diversity jurisdiction. (R. Doc. 1).

On November 10, 2017, Guilbeau filed a Motion to Remand on the basis that the presence of the State of Louisiana as a real party defeats diversity jurisdiction. (R. Doc. 11). In opposition, Defendants argue that the State of Louisiana is, at most, a nominal party whose presence must be disregarded for the purpose of determining diversity jurisdiction. (R. Doc. 25).

On November 14, 2017, Hess filed the instant Motion to Transfer Venue. (R. Doc. 12). Hess argues that transfer of this action is warranted because "[t]he Western District is (1) where the Plaintiff resides; (2) where the subject property is located; and (3) where the operations that allegedly caused environmental damage to the subject property occurred." (R. Doc 12-1 at 1-2). Hess argues that the Court should transfer this action before deciding Plaintiff's Motion to Remand. (R. Doc. 12-1 at 5-7). In addition to arguing that this action could have been brought in the Western District, Hess argues that the various factors to be considered pursuant to 28 U.S.C. § 1404(a), including preventing the waste of judicial resources and avoiding conflicting rulings, favors transfer of this action. (R. Doc. 12-1 at 7-13).

In opposition, Guilbeau does not dispute that "(1) this Court has the discretion to determine this motion to transfer before deciding the pending motion for remand; and (2) this case could have been brought in the Western District." (R. Doc. 22 at 1). Guilbeau argues that that because the Louisiana Commissioner of Conservation (the "Commissioner") will be substituted as a party if injunctive relief is granted under La R.S. 30:16, the action should be treated "as if it was brought by the commissioner himself in East Baton Rouge Parish." (R. Doc.

3

22 at 2-3). Given this premise, Guilbeau argues that the Court should defer to his choice of forum. (R. Doc. 22 at 3-5). Guilbeau further argues that the Western District's handling of *Guilbeau I* and *Guilbeau II* did not address the jurisdictional issues raised in his Motion to Remand, and transfer of the action will waste judicial resources or risk conflicting rulings. (R. Doc. 22 at 5-8).

In reply, Hess argues that Guilbeau "fails to address a majority of the public and private interest factors discussed in the Motion to Transfer Venue and instead attempts to concoct some semblance of a connection between this action and the Middle District." (R. Doc. 30 at 1). Among other things, Hess points out that the Western District has "issued numerous substantive orders in [*Guilbeau I* and *Guilbeau II*], including rulings on motions for remand, motions for a more definite statement, motions to dismiss, and motions for summary judgment, expending significant judicial resources to become familiar with the underlying facts." (R. Doc. 30 at 3).

## II.   Law and Analysis

### A.   Legal Standards

While a plaintiff has the "privilege of filing his claims in any judicial division appropriate under the general venue statute [28 U.S.C. § 1391], 28 U.S.C. § 1404(a) tempers the effects of the exercise of this privilege." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). In other words, even when a plaintiff chooses an appropriate judicial district or division, the Court has discretion under § 1404(a) to transfer the action to another district or division if it determines that doing so would be more convenient for the parties and in the "interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of proof to show that the transfer is warranted, based on it being in the interest of justice and for the convenience of the parties and witnesses. *In re Volkswagen*, 545 F.3d at 315.

In order to obtain a transfer, a defendant must satisfy two steps. First, the defendant must show that the sought-after forum would have been an appropriate venue to begin with. 28 U.S.C. § 1404(a). Second, the defendant must show that the sought-after forum is "clearly more convenient." *In re Volkswagen*, 545 F.3d at 315.

To determine whether a sought-after forum is clearly more convenient, the Court must look to both private and public interest factors as detailed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). *Id.* Although the Gilbert factors are helpful for determining whether transfer is appropriate, they are not necessarily exhaustive or exclusive. *Id.*

The private interest factors to consider are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* (citation omitted). The public interest factors to consider are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Id.* (citation omitted).

"[I]t is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (citing *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970)); *see also Humble Oil & Refining Co. v. Bell Marine Service, Inc.*, 321 F.2d 53, 56 (5th Cir. 1963) (the avoidance of dismissal through 1404(a) lessens the weight to be given to the plaintiff's choice of venue). "Generally, a plaintiff's choice of forum is given great deference; however, a plaintiff's choice of forum is given less deference when the plaintiff is not

5

a resident of his choice of forum and when the operative facts of a case occurred in a different forum." *Rivers v. Union Pac. R.R.*, No. 16-673, 2017 WL 379447, at *2 (M.D. La. Jan. 26, 2017) (citing *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008)); *see also In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (plaintiff's choice of forum is entitled to less deference when it is not the plaintiff's home forum) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)).

### B. Analysis

There is no dispute between the parties that venue is proper in the Western District of Louisiana. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."). Accordingly, the sole issue is whether the transfer of venue will serve the convenience of the parties and the interests of justice pursuant to 28 U.S.C. § 1404(a). *In re Volkswagen*, 545 F.3d at 315.

Having reviewed the record, and the arguments of the parties, the Court concludes that transfer of this action to the Western District of Louisiana furthers the convenience of the parties and the interests of justice.

The private interest factors all weigh in favor of transfer. There is no dispute that the property at issue is located in Avoyelles Parish. Potential fact witnesses will more likely be located in the Western District of Louisiana. Given the location of the property, any issues regarding the availability of compulsory process to secure the attendance of witnesses will likely be avoided if transfer is allowed. The costs of compelling witnesses to attend trial in the Middle

District will likely be higher. Finally, given the record, it appears that litigating the instant action in this district would make trial more difficult and expensive.

The public interest factors, to the extent applicable, also weigh in favor of transfer. The Western District has a local interest in deciding legacy litigation concerning property in Avoyelles Parish. Given its handing of *Guilbeau I* and *Guilbeau II*, as well as other related actions, the Western District is familiar with the underlying facts of the alleged contamination. Furthermore, the Western District has recently addressed the specific issues raised in Guilbeau's Motion to Remand, which will remain pending after transfer. *Watson v. Arkoma Dev., LLC*, No. 17-1331, 2018 WL 1311177, at *1 (W.D. La. Mar. 13, 2018), *adopting report and recommendation*, 2018 WL 1311208, at *1 (W.D. La. Feb. 5, 2018).

While Guilbeau has raised the argument that this Court has an interest in this action on the basis that the Commissioner might someday be substituted as a party, the pleadings represent that Guilbeau, the actual landowner, is domiciled in Avoyelles Parish, and the land at issue is located in Avoyelles Parish. Accordingly, the Court concludes that Guilbeau's choice of forum is not controlling in this case.

Finally, while Guilbeau's counsel may be inconvenienced by having to travel to the Western District of Louisiana, the location of counsel is not a factor to be considered. *See In re Horseshoe Entm't*, 337 F.3d at 434 ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue.").

Given the foregoing consideration of the *Gilbert* factors, as well as the evidence of forum shopping in light of the record, the Court finds it appropriate under § 1404(a) to transfer this action to the Western District.

### III. Conclusion

**IT IS RECOMMENDED** that Defendant's Motion to Transfer Venue (R. Doc. 12) be **GRANTED**, and the action be **TRANSFERRED** to the U.S. District Court for the Western District of Louisiana, Alexandria Division.

Signed in Baton Rouge, Louisiana, on March 23, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**